# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cr-15-MOC-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LARRY ALLEN ELKINS, Jr. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Petition of Keenan Horton, Jr. ) | |

**THIS MATTER** is before the Court on the Government's Motion to Dismiss, (Doc. No. 41), the Petition of Keenan Patrick Horton, Jr., (Doc. 32),[1] on the ground that the Petition is not signed under penalty of perjury.

## I.  BACKGROUND

On March 20, 2018, Defendant Larry Allen Elkins pled guilty (Doc. 14) via Plea Agreement (Doc. 13) to methamphetamine trafficking conspiracy and possession with intent to distribute methamphetamine, as charged in a Bill of Indictment. (Doc. 1). The Indictment contained a Grand Jury finding of probable cause for forfeiture of, among other items, a 2006 Mercedes vehicle that Mr. Elkins used during his drug trafficking. On March 20, 2018, this Court issued a Consent Order and Judgment of Forfeiture (a preliminary order) of, among other items, the Mercedes. (Doc. 16).

On August 31, 2018, the Government sent direct notice (Doc. 34) of the Consent Order to, among others, Keenan Patrick Horton, Jr. The form notice explicitly instructed potential

---

[1] The petition was originally written as a letter claiming ownership of the Mercedes vehicle that was the subject of forfeiture in this action.

1

petitioners like Mr. Horton on the legal requirements for filing a petition and the requirement to sign a petition under penalty of perjury.

On or about September 21, 2018, Petitioner Horton submitted the Petition whereby he purports to be the owner of the vehicle that Mr. Elkins used during his offenses. (Doc. 32). Mr. Horton did not sign his Petition under penalty of perjury. On January 11, 2019, the Government filed a Motion to Dismiss Petition for failure to sign under penalty of perjury. (Doc. 38).

On January 14, 2019, this Court denied, without prejudice, the Government's Motion to Dismiss and instructed Petitioner to file an Amended Petition signed under penalty of perjury within 14 days of entry of the Order. (Doc. 39). To date, Petitioner has not filed an Amended Petition and more than 14 days have elapsed since the date of the Order. On March 29, 2018, the Government filed the pending motion to dismiss, again seeking dismissal based on Petitioner's failure to file an Amended Petition signed under penalty of perjury.

## II.     DISCUSSION

Pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), "[i]n the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Pursuant to 21 U.S.C. § 853(n)(3), a petition "shall be signed by the petitioner under penalty of perjury [ . . . . ]." Here, Petitioner Horton did not sign his Petition under penalty of perjury. Furthermore, Petitioner did not submit an Amended Petition pursuant to this Court's prior Order.

Courts strictly construe the signature under penalty of perjury requirement as an important stop-gap to minimize the danger of false claims. United States v. Molina-Sanchez, No. 3:12cr25, 2013 WL 4083271, at *2 (W.D.N.C. Aug. 13, 2013); United States v. Loria, No. 3:08cr233-2, 2009 WL 3103771, at *2 (W.D.N.C. Sept. 21, 2009); United States v. Wagner, No.

2

4:15cr28, 2017 WL 6513420, at *5 (E.D. Va. Dec. 19, 2017). Because of the questionable circumstances of a purported indefinite "loan" of a vehicle to a drug dealer, this penalty of perjury requirement is particularly important. Here, the Court has already given Petitioner two chances to sign his petition under penalty of perjury, and twice he has failed to do so. The Court will therefore dismiss the petition without prejudice.

### III.　CONCLUSION

In sum, for the reasons stated herein, the Government's Motion to Dismiss, (Doc. No. 41), the petition of Keenan Patrick Horton, Jr., (Doc. 32), is **GRANTED**, and the petition is dismissed without prejudice.

Signed: April 5, 2019

Max O. Cogburn Jr
United States District Judge